# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE,
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 2:21-cr-00005** |
| *vs.* | **Judge Campbell** |
| **MICHAEL HARVEL** | |

## DEFENDANT'S REPLY IN SUPPORT OF
## MOTION TO DISMISS INDICTMENT

Defendant Michael Harvel replies in support of his motion to dismiss counts 1 through 5 and 7 through 11 of the indictment for lack of specificity and counts 2 through 5 as time-barred under 18 U.S.C. § 3282.[1]

## ARGUMENT

Counts 2 through 5 allege non-homicide violations of 18 U.S.C. § 242 that occurred more than five years before the date of the indictment. Under 18 U.S.C. § 3281, there is no limitations period for offenses "punishable by death." Under 18 U.S.C. § 3282, there is a five-year limitations period for non-capital offenses. The government concedes counts 2 through 5 are not **actually** punishable by death because they are non-homicide offenses. Yet the government claims these offenses are not subject to the five-year limitations period because it claims Congress authorized the death sentence for these offenses even

---

[1] This reply focuses on the statute of limitations issue. Mr. Harvel rests on the arguments in his motion regarding the specificity issue.

though it cannot be constitutionally applied. The government is mistaken. First, the plain meaning of the term "offense punishable by death" requires that the death sentence be a **potential** penalty for the offense—which it cannot be for non-homicide offenses. Second, even if Congress tried to authorize the death penalty for non-homicide offenses, "a legislative act contrary to the constitution is not law at all." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2351 n.8 (2020) (internal citation and quotation marks omitted). Third, the legislative history of section 242 demonstrates that Congress intended to authorize the death penalty only for homicide violations of section 242. Thus, counts 2 through 5 do not charge offenses "punishable by death" and are time-barred under section 3282.

I. **The plain meaning of "offense punishable by death" in 18 U.S.C. § 3281 is a crime for which the death penalty is a potential penalty.**

Under 18 U.S.C. § 3281, "[a]n indictment for any offense punishable by death may be found at any time without limitation." The phrase "offense punishable by death" must be construed according to its plain meaning. *United States v. Bedford*, 914 F.3d 422, 427 (6th Cir. 2019) ("It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.") (internal quotation marks, citations, and brackets omitted). Common dictionary definitions of "punishable" include "giving rise to a specified punishment," *Black's Law* Dictionary, Seventh Edition, at 1247 (West Group 1999), and "capable of being punished by law or right…," *Webster's New Twentieth Century Dictionary, Unabridged, Second Edition*, Vol. I, at 1462 (The World Publishing Co. 1959). Thus, the

plain meaning of an "offense punishable by death" is an "offense giving rise to or capable of being punished by death." Or more simply: a crime for which the law specifies the death penalty as a potential penalty. The non-homicide offenses charged in this case do not meet that definition because "capital punishment is impermissible for non-homicide crimes against individuals." *Graham v. Fla.*, 560 U.S. 48, 60–61 (2010). Such offenses do not give rise to and are not capable of being punished by death.

II. **Cases deeming homicide offenses "punishable by death" even when the death penalty cannot be sought under the circumstances do not apply to non-homicide offenses for which the death penalty may never be sought.**

The government claims non-homicide violations of section 242 may be deemed "punishable by death" based on non-circuit case law holding that whether a crime is "punishable by death" under section 3281 does not depend on whether the death penalty may be sought on the particular facts of the case. *See United States v. Ealy*, 363 F.3d 292, 296 (4th Cir. 2004) ("[W]hether a crime is punishable by death under § 3281 or capital under § 3282 depends on whether the death penalty may be imposed for the crime under the enabling statute, not on whether the death penalty is in fact available for defendants in a particular case.") (internal quotation marks omitted); *United States v. Payne*, 591 F.3d 46, 59 (2d Cir. 2010) ("An offense punishable by death, within the meaning of § 3281, is one for which the statute authorizes death as a punishment, regardless of whether the death penalty is sought by the prosecution or ultimately found appropriate by the fact-finder or the court.") (internal quotation marks omitted). These cases involved murder

charges for which the death penalty was a potential penalty. *See Ealy*, 363 F.3d at 297 (statute authorizing death penalty for murder in furtherance of a continuing criminal enterprise); *Payne*, 591 F.3d at 58 (statute authorizing death penalty for murder in aid of racketeering).

The government also cites two non-binding district court cases from within the Sixth Circuit, *United States v. Ledbetter*, 2015 WL 4751468 (S.D. Ohio Aug. 12, 2015) and *In re Extradition of Azra Basic*, 2011 WL 5326140 (E.D. Ky. Nov. 4, 2011). In *Ledbetter*, the government charged the defendants with murder but later filed a notice of intent not to seek the death penalty. *Id.* at *4. The defendants claimed their offenses were originally punishable by death and subject to section 3281, but became subject to section 3282's five-year limitations period when the government chose not to seek the death penalty. *Id.* at *4. The district court rejected this argument, holding, "[T]he Government's decision not to seek the death penalty does not alter the applicable statute of limitations for the murder counts." *Id.* at *5.

In *Basic*, Bosnia sought the defendant's extradition for charges of murder and torture. *Id.* at *6. The defendant claimed section 3282's five-year limitations period applied because Bosnian law did not authorize the death penalty. *Id.* at *7. The district court rejected this argument because determining the statute of limitations "calls for definition of the closest **federal** analog to the crime reflected in the conduct alleged" and murder

was punishable by death under federal law. *Id.* at *6 (emphasis added). In *dicta*, the district court stated that whether a crime is "punishable by death" under section 3281 "relates to the generic offense character, not penalty application or applicability in a concrete case." (Doc. 65 at 11, quoting *id.* at *7).

These cases, all of which involved homicide offenses[2], stand for the proposition that if the death penalty is a potential penalty for a homicide offense, that offense is "punishable by death" even if the death penalty is not or cannot be sought based on the particular circumstances of a case. That holding does not reasonably apply to a non-homicide offense for which the death penalty is categorically excluded and therefore not a potential penalty under any circumstances. In a murder case, the particular facts may preclude the death sentence. In a non-homicide case, however, the **nature** of the offense precludes the death sentence under **all** circumstances.

**III. Cases deeming homicide offenses "punishable by death" despite subsequent case law invalidating the death penalty on procedural grounds do not apply to non-homicide offenses for which the death penalty may never be sought.**

The government also claims non-homicide violations of section 242 may be deemed "punishable by death" based on non-circuit case law holding that an offense remains subject to section 3281 even if subsequent case law renders the death penalty unconstitutional for that offense. *See United States v. Manning*, 56 F.3d 1188, 1196 (9th Cir.

---

[2] *See Ealy*, 363 F.3d at 297 (statute authorizing death penalty for murder in furtherance of a continuing criminal enterprise); *Payne*, 591 F.3d at 58 (statute authorizing death penalty for murder in aid of racketeering).

1995) ("When a decision renders unconstitutional a penalty for an offense, it does not necessarily have the effect of invalidating all statutes that were tied to the concept of a capital case. If the statute's purpose derives from the nature of the offense with which the defendant is charged and not from the potential severity of the punishment, it remains in effect."); *United States v. Edwards*, 159 F.3d 1117, 1128 (8th Cir. 1998) (following *Manning*).

The holding of these cases does not reasonably apply to Mr. Harvel's case for two reasons. First, these cases did not involve non-homicide offenses for which the death penalty is categorically prohibited. Rather, they involved homicide offenses for which the death penalty was not categorically prohibited but was instead prohibited due to procedural defects in the authorizing statutes. *See Manning*, 56 F.3d at 1195 (death penalty prohibited for murder by mail bomb because statute did "not genuinely narrow the class of persons eligible"); *Edwards*, 159 F.3d at 1128 (death penalty prohibited for arson resulting in death "because the death penalty procedures in 18 U.S.C. § 34 were unconstitutional…until amended in 1994"). In contrast, this case involves offenses for which the constitution categorically prohibits the death penalty. Second, they involved statutes rendered unconstitutional by **subsequent** changes in decisional law. As Mr. Harvel explains

in the following section, it was well established that non-homicide crimes were not punishable by death under any circumstances **before** Congress amended section 242 to authorize the death penalty.[3]

When a procedural defect prevents the enforcement of the death penalty for an otherwise death-eligible offense, it is reasonable to deem the offense one "punishable by death" because the death penalty remains a potential penalty that can be applied by amending the procedural scheme. That logic would not apply, however, were Congress to purport to authorize the death penalty for an offense for which the death penalty may never be applied, especially **after** decisional law has made that fact clear.

IV. **The legislative history of 18 U.S.C. § 242 demonstrates that Congress did not intend to authorize the death penalty for non-homicide violations.**[4]

Deeming a non-homicide violation of 18 U.S.C. § 242 to be "punishable by death" would not merely ignore the plain meaning of section 3281, it would ignore legislative history demonstrating that Congress intended just the opposite. That legislative history

---

[3] As Mr. Harvel also argues in the following section, the legislative history makes it clear Congress did not intend to authorize the death penalty for non-homicide violations of section 242.

[4] Like the government, Mr. Harvel's original motion assumed that section 242 authorized the death penalty for non-homicide offenses. The government's response to that motion prompted counsel to research the statute's legislative history, which reveals that assumption to be mistaken.

makes it clear that Congress knew the death penalty could not constitutionally be imposed for non-homicide offenses and intended only to authorize the death penalty for violations of section 242 resulting in death.

> Section 242 provides:
>
> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both**, or may be sentenced to death.**

18 U.S.C. § 242 (emphasis added). Congress did not authorize the death penalty for violations of section 242 until the enactment of the Violent Crime Control and Law Enforcement Act of 1994, which added the clause, ", or may be sentenced to death":

> SEC. 60006. DEATH PENALTY FOR CIVIL RIGHTS **MURDERS**.
>
> …
>
> (b) DEPRIVATION OF RIGHTS UNDER COLOR OF LAW.—Section 242 of title 18, United States Code, is amended by striking the period at the end of the last sentence and inserting ", or may be sentenced to death.".

PL 103–322, September 13, 1994, 108 Stat 1796, at § 60006 (emphasis added). Notably, the heading of the statutory amendment was, "Death Penalty for Civil Rights **Murders**." *Id.* (emphasis added). That heading shows Congress intended to authorize the death penalty for **murders** in violation of section 242. The legislative history of the amendment bears that out:

> Section 3(l) amends sections 241, 242, 245(b) and 247(c)(1) of title 18 of the United States Code to authorize the death penalty for violation of four of the major Federal Civil Rights laws **if such violation results in death**: conspiracy to injure, threaten or intimidate any United States citizen in the free exercise or enjoyment of any Federal right; the willful deprivation of any Federal right on account of the victim's status as an alien or due to his color or race; the willful interference with or attempted interference with any person's Federal rights, whether or not under color of law, on the basis of color, race, religion or national origin; and causing damage to or attempting to damage religious property because of its religious character or obstructing or attempting to obstruct one's free exercise of religious beliefs.

H.R. REP. 103-466 (Mar. 25, 1994) (emphasis added).

It is unsurprising that Congress did not intend to authorize the death penalty for non-homicide violations of section 242 because by 1994, it had been settled law for more than seventeen years that the constitution prohibits the death penalty for non-homicide offenses. *See, e.g., Coker v. Georgia*, 433 U.S. 584, 592 (1977) ("We have concluded that a sentence of death is grossly disproportionate and excessive punishment for the crime of rape and is therefore forbidden by the Eighth Amendment as cruel and unusual punishment."); *see Eberheart v. Georgia*, 433 U.S. 917 (1977) (vacating death sentence for rape and kidnapping); *Enmund v. Fla.*, 458 U.S. 782, 797 (1982) (vacating death sentence for defendant who aided and abetted robbery resulting in murder committed by others but did not

himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed"). Congress is presumed to be "aware of relevant judicial precedent when it enacts a new statute." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1072 (2020) (internal quotation marks and citation omitted). Further, "[i]t is not to be presumed that Congress intended a construction that would subject a statute to a constitutional attack upon obvious grounds." *Shattuck v. Gallagher*, 218 F.2d 428, 429 (6th Cir. 1955). The legislative history shows that presumption is well-founded in this case in the case of section 242.

## CONCLUSION

Construed according to its plain meaning, section 3281 applies only to offenses for which the death penalty is a potential penalty. The constitution categorically prohibits the death penalty for non-homicide offenses. Thus, the non-homicide section 242 offenses alleged in counts 2 through 5 are subject to section 3282's five-year limitations period and time-barred. Mr. Harvel therefore requests the Court to grant the relief described above and any other necessary or proper relief.

Respectfully submitted:

/s/ Patrick McNally
Patrick T. McNally (TN BPR # 010046)
MCNALLY LAW
40 Burton Hills Boulevard, Suite 200
Nashville, Tennessee 37215
Telephone 615-480-8921
attorney@patrickmcnallylegal.com

/s/ W. Justin Adams
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP

511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
Facsimile: 615-238-6301
wjadams@spencerfane.com

Counsel for Michael Harvel

# CERTIFICATE OF SERVICE

I certify that on March 29, 2022, a copy of the foregoing was served via the Court's electronic case filing system to the following:

Kathryn W. Booth, Esq.
Assistant U.S. Attorney
110 8th Avenue South, Suite A-961
Nashville, Tennessee 37203
Kathryn.Booth@usdoj.gov

Michael J. Songer, Esq.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Michael.Songer@usdoj.gov

/s/ W. Justin Adams