# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 2:21-cr-00005 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| MICHAEL HARVEL ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Harvel's Motion to Dismiss Indictment. (Doc. No. 58). The Government filed a response in opposition (Doc. No. 65), and Mr. Harvel filed a reply (Doc. No. 71). For the reasons stated below, the Motion is **DENIED**.

## I. THE INDICTMENT

The Superseding Indictment charges Mr. Harvel with ten counts of violating 18 U.S.C. § 242 by using his authority as a county official to sexually assault women he supervised, thereby willfully violating his victims' Due Process rights to bodily integrity while acting under color of law. (Doc. No. 46).[1] Mr. Harvel moves to dismiss Counts One through Five as time-barred by the five-year statute of limitations on non-capital crimes set forth in 18 U.S.C. § 3282. Additionally, he moves to dismiss Counts One through Five and Seven through Eleven pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for lack of specificity.

## II. LAW AND ANALYSIS

### A. Statute of Limitations

There are two criminal statutes of limitations: 18 U.S.C. § 3281 and 18 U.S.C. § 3282. *See United States v. Korey*, 614 F. Supp. 2d 573, 581 (W.D. Pa. 2009). Section 3281 provides "[a]n indictment for any offense punishable by death may be found at any time without limitation." 18

---

[1] Count Six of the Superseding Indictment was dismissed by prior Order. (*See* Doc. No. 64).

U.S.C. § 3281. All non-capital offenses are governed by a five-year statute of limitations. 18 U.S.C. § 3282. Accordingly, the applicable statute of limitations in the present case is determined by whether, on the face of 18 U.S.C. § 242, the offenses are "punishable by death."

The parties agree 18 U.S.C. § 242 includes death as a penalty.[2] The Government argues 18 U.S.C. § 3281 applies to Counts One through Five because they charge statutory enhancements for kidnapping and aggravated sexual abuse that Congress made eligible for capital punishment. Mr. Harvel submits that 18 U.S.C. § 3282 should apply to Counts One through Five because "capital punishment is impermissible for nonhomicide crimes against individuals." (Doc. No. 58 at 5 (quoting *Graham v. Fla.*, 560 U.S. 48, 61 (2010)). Mr. Harvel claims 18 U.S.C. § 242's authorization of the death penalty for kidnapping and aggravated sexual abuse is unconstitutional and argues that violations of the statute which do not result in death – such as the offenses charged in Counts One through Five – are not "offenses punishable by death."

The Court finds Mr. Harvel's position unpersuasive given that "[c]onstitutional considerations regarding whether a defendant can *actually* be sentenced to death for a certain crime

---

[2] The full text of 18 U.S.C. § 242 is set forth below:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242.

2

Case 2:21-cr-00005   Document 82   Filed 07/11/22   Page 2 of 4 PageID #: 506

do not impact the statute of limitations analysis." *Korey*, 614 F. Supp. 2d at 581 (citing *Coon v. United States*, 411 F.2d 422, 425 (8th Cir. 1969)); *see also United States v. Ealy*, 363 F.3d 292, 296–97 (4th Cir. 2004) (offenses were still "capital crimes" for limitations purposes, even if imposition of death penalty would be unconstitutional); *United States v. Gallaher*, 624 F.3d 934, 940 (9th Cir. 2010) (capital crime analysis is tied inextricably to "nature of the offense" rather than availability of death penalty as to particular defendants); *In re Extradition of Azra Basic*, 2011 WL 5326140, at *7 (E.D. Ky. Nov. 4, 2011) ("The 'punishable' measure relates to the generic offense character, not penalty application or applicability in a concrete case.").

Based on the language of the statute, a violation of 18 U.S.C. § 242 that includes kidnapping or aggravated sexual abuse is a crime "punishable by death." Therefore, 18 U.S.C. § 3281 applies to Counts One through Five notwithstanding the fact that the death penalty cannot be imposed in this case should the Government prove Mr. Harvel's guilt on those counts. Accordingly, Mr. Harvel's motion to dismiss Counts One through Five as time-barred under 18 U.S.C. § 3282 is **DENIED**.

**B. Sufficiency of the Indictment**

Mr. Harvel asserts that Counts One through Five and Seven through Eleven of the Superseding Indictment should be dismissed for lack of specificity and fail to state a claim because they fail to establish how he acted under color of law. (*See* Doc. No. 58 at 2-4). "An indictment is sufficient if it contains the elements of the charged offense and thereby informs the defendant of the charges against him. It must also be specific enough to allow him to plead an acquittal or conviction as a bar to future prosecutions for the same offense." *United States v. Olive*, 804 F.3d 747, 753 (6th Cir. 2015) (citations omitted); *see also United States v. Bradley*, 917 F.3d 493, 504 (6th Cir. 2019) ("The indictment must inform the defendant of the charges against him, but it need

3

Case 2:21-cr-00005   Document 82   Filed 07/11/22   Page 3 of 4 PageID #: 507

not inform him point-by-point of the manner in which the government will prove its case.").

The Government submits that Mr. Harvel's argument for dismissal is premature and irrelevant at the present stage because "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." (Doc. No. 65 at 8 (quoting *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001)). Furthermore, the Government asserts that it is not required to allege how Mr. Harvel abused his supervisory authority to sexually assault women under his supervision; but rather need only allege that Mr. Harvel acted under color of law when he deprived women that he supervised of their constitutional right to bodily integrity. The Government contends Counts One through Five and Seven through Eleven contain such allegations. Moreover, it submits that each count of the Superseding Indictment tracks the statutory language of 18 U.S.C. § 242, alleges the essential elements of the charged violation of that statute, and facts and circumstances about the specific offenses. (Doc. No. 65 at 7). Mr. Harvel does not argue otherwise in his reply. (*See* Doc. No. 71 at 1 n.1). The Court agrees with the Government that the Superseding Indictment fairly informs Mr. Harvel of the charges brought against him and provides him the ability to invoke double jeopardy in prosecutions for the same conduct. Accordingly, Mr. Harvel's motion to dismiss Counts One through Five and Seven through Eleven for lack of specificity and failure to state a claim is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE