# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE,
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> *vs.* <br><br> **MICHAEL HARVEL** | Case No. 2:21-cr-00005 <br><br> Judge Campbell |

## DEFENDANT'S MOTION FOR SEVERANCE
## AND SUPPORTING MEMORANDUM

Defendant Michael Harvel moves the Court pursuant to Fed. R. Crim. P. 14(a) to sever and order separate trials for Count 1 (Victim 1); Counts 2 and 3 (Victim 2); Counts 4 and 5[1] (Victim 3); Count 7 (Victim 4); Count 8 (Victim 5); Count 9 (Victim 6); Count 10 (Vitim 7); and Count 11 (Victim 8).

## FACTS

Mr. Harvel was the director of the Cumberland County Solid Waste Department. Doc. 46 at ¶ 1. His duties included supervising employees at the county's recycling center, many of whom were female *Id.* at ¶¶ 3–4. The superseding indictment charges Mr. Harvel with assaulting eight female employees in violation of their constitutional right to bodily integrity in violation of 18 U.S.C. § 242. *Id.* at ¶¶ 6–16, 19–28.

None of the alleged assaults involved more than one alleged victim and they allegedly occurred on eleven different dates over a four-year period. *Id.* There are no

---
[1] Count 6 (Victim 3) of the superseding indictment has been dismissed. Doc. 74.

neutral witnesses to any of these alleged assaults and no physical evidence. The indictment alleges that each occurred behind closed doors or at an "isolated landfill" with no one else present. *See* Doc. 46 at ¶¶ 6–16, 19–28.

The government intends to offer testimony from eight alleged victims plus four more alleged victims not included in the indictment. *See* Doc. 70, Government's 413/404(b) Notice, at 1.

**ARGUMENT**

The Court should sever and order separate trials for the counts in the indictment pursuant to Fed. R. Crim. P. 14(a) because their joinder unfairly prejudices Mr. Harvel. Fed. R. Crim. P. 14(a) states: "If the joinder of offenses or defendants in an indictment…appears to prejudice a defendant…, the court may order separate trials of counts…or provide any other relief that justice requires." To prevail on a request for severance, "the defendant must show compelling, specific, and actual prejudice." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017).

A joinder of counts prejudices a defendant if the jury cannot "keep the evidence from each offense separate and is unable to render a fair and impartial verdict on each offense." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (quoting *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982)) (brackets and internal quotation marks omitted). To determine "whether a defendant suffered prejudice, courts consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining

counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence." *United States v. Dale,* 429 Fed. Appx. 576, 578 (6th Cir.2011). When offenses are joined, "the possibility exists that a jury may use the evidence of one of the charged crimes to infer a general criminal disposition by the defendant" or "confuse or cumulate the evidence of the various crimes charges." *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007). Defendants are also "entitled to severance of charges where they can convincingly demonstrate they have both important testimony to offer on one count and a strong need to refrain from testifying on the other count." *Collins v. Green*, 838 Fed. App'x 161, 168 (6th Cir. 2020), *cert. denied*, 211 L. Ed. 2d 20, 142 S. Ct. 88 (2021).

I. **There is a substantial risk that evidence from one charge will "spillover" into the other charges due to their similarity, the lack of neutral witnesses or physical evidence, and the sheer volume of accusers.**

The superseding indictment charges eleven separate assaults against eight victims. *See* Doc. 46 at ¶¶ 6–16, 19–28. The alleged assaults occurred on eleven different dates over a four-year period. *Id.* None of the alleged assaults involved more than one alleged victim. *Id.* The Court should separate and order separate trials for the counts in the indictment by victim because there is a substantial risk that evidence from one charge will "spillover" into the other charges and "incite or arouse the jury to convict on the remaining counts…." *Dale,* 429 Fed. Appx. at 578. That danger arises from the lack of

neutral witnesses or physical evidence and the sheer volume of accusers making similar accusations.

There are no neutral witnesses to any of these alleged assaults and no physical evidence. The indictment alleges that each occurred behind closed doors or at an "isolated landfill" with no one else present. *See* Doc. 46 at ¶¶ 6–16, 19–28. Thus, the only direct evidence of the alleged assaults is each victim's testimony, which means a jury cannot fairly and impartially decide each charge unless it assesses the credibility of each alleged victim standing alone. Yet the similarity of the alleged offenses—each involves a female county employee who had previously performed court-ordered community service at the recycling center and occurred at either the recycling center or some other county solid waste department site, *see* Doc. 46 at ¶¶ 6–16, 19–28—creates a serious risk that a jury will do the opposite and determine the credibility of the alleged victims in the aggregate, *e.g.*, "They can't all be lying." Determining the credibility of Mr. Harvel's accusers in the aggregate would "confuse or cumulate the evidence of the various crimes charges," *Davis*, 475 F.3d at 777, regardless of the weight of evidence for any individual count.

The sheer number of accusations magnifies this danger. The government intends to offer testimony from eight alleged victims plus four more alleged victims not included in the indictment. *See* Doc. 70, Government's 413/404(b) Notice, at 1. If any one of these assault charges was tried separately, testimony from one of the other alleged victims

would likely be admissible under Fed. R. Evid. 413 or 404(b). Yet the admissibility of that evidence would still be subject to Fed. R. Evid. 403, *United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006) ("Rule 403…applies to evidence that would be otherwise admissible under [Rule 413]."), and testimony from all **twelve** of the other victims would be inadmissible under Rule 403 because its probative value is "substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See Boyce v. Weber*, No. 19-CV-3825 (JMF), 2021 WL 2821154, at *6 (S.D.N.Y. July 7, 2021) ("Given the sheer number of Non-Party Accusers, the Court concludes that allowing all ten to testify would involve the needless presentation of cumulative evidence. Fed. R. Evid. 403.") (brackets and internal quotation marks omitted). By joining all eight victims, the government makes it impossible to protect Mr. Harvel against the substantial dangers of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Severing these offenses eliminates that danger and ensures Mr. Harvel's right to a fair and impartial consideration of each charge against him.

In addition to the number of accusers, the Court should consider the nature of the accusations. The eight female employees accuse Mr. Harvel of rape, sexual battery, and kidnapping to facilitate sexual assaults. There is a substantial risk of an improper

spillover effect from the offensive nature of the accusations and the jury's inability to compartmentalize the evidence associated with each count.

II.  **A severance will prevent a mistrial in the event the government's proof creates a need for Mr. Harvel to testify as to one count and refrain from testifying as to another.**

Defendants are "entitled to severance of charges where they can convincingly demonstrate they have both important testimony to offer on one count and a strong need to refrain from testifying on the other count." *Collins*, 838 F. App'x at 168. The D.C. Circuit has held that "[p]rejudice [under Rule 14] may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place, and evidence." *Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964). A defendant's "decision whether to testify will reflect a balancing of several factors with respect to each count: the evidence against him, the availability of defense evidence other than his testimony, the plausibility and substantiality of his testimony, the possible effects of demeanor, impeachment, and cross-examination." *Id.* Yet "if the two charges are joined for trial, it is not possible for him to weigh these factors separately as to each count," and if "he testifies on one count, he runs the risk that any adverse effects will influence the jury's consideration of the other count." *Id.* Thus, a defendant forced to go to trial on both counts "bears the risk on both counts, although he may benefit on only one," and "a defendant's silence on one count would be damaging in the face of his express denial of

the other." *Id.* Thus, by joining two such counts, a defendant "may be coerced into testifying on the count upon which he wished to remain silent." *Id.*

The same is true in this case. Mr. Harvel is not charged with two but **eleven** "joined offenses which are clearly distinct in time"—eleven occasions over four years—"place"—various offices at the county recycling center and a landfill—and "evidence"—the testimony of eight different alleged victims plus four more alleged victims not included in the indictment. *Cross*, 335 F.2d at 989. While Mr. Harvel has not and cannot yet determine whether he will testify, he indisputably has "important testimony to offer," *Collins*, 838 F. App'x at 168, because in each case, the only direct evidence of the government's accusations is the alleged victim's testimony. Thus, in each case, only Mr. Harvel can directly contradict the alleged victim's claims. Further, depending on the precise testimony of each accuser, Mr. Harvel may know facts that are highly probative as to one accusation but not another, *e.g.*, "I could not have been with that employee on that date and time because I had sent the employee home earlier that day." Evidence corroborating Mr. Harvel's testimony about one count may influence his decision to testify on that count, but the lack of corroborating evidence supporting his testimony on other counts could negatively dissuade him from testifying.

If the alleged offenses against each victim were tried separately, Mr. Harvel would decide whether to testify by considering "the evidence against him, the availability of defense evidence other than his testimony, the plausibility and substantiality of his

testimony, the possible effects of demeanor, impeachment, and cross-examination." *Cross*, 335 F.2d at 989. In some cases, the calculation would strongly favor testifying; in others, it would strongly favor not testifying. In either case, he could not make that calculation until the close of the government's proof. As in *Cross,* the joinder of these offenses means he cannot make that calculation as to each count. *Id.* ("[I]f the two charges are joined for trial, it is not possible for [the defendant] to weigh these factors separately as to each count.") As in *Cross,* if he determines he should testify on one count by not another, "he runs the risk that any adverse effects will influence the jury's consideration of the other count" and that his "silence on one count would be damaging in the face of his express denial of the other." *Id.* Thus, Mr. Harvel "may be coerced into testifying on the count upon which he wished to remain silent." *Id.*

Mr. Harvel will not be able to make this calculation until the close of the government's proof on all offenses is complete. *Id.* If he renews his motion for a severance at that point, *see United States v. Marks*, 209 F.3d 577, 584 (6th Cir. 2000) ("A motion to sever must be renewed at the close of evidence to be preserved for appeal."), granting a severance will result in a mistrial because the jury will have heard both the testimony he seeks to rebut and the testimony with which he seeks to remain silent, and his "silence on one count would be damaging in the face of his express denial of the other." *Id.* Granting a severance now eliminates that risk.

## CONCLUSION

Mr. Harvel therefore requests the Court to grant the relief described above and any other necessary or proper relief.

Respectfully submitted:

/s/ Patrick McNally
Patrick T. McNally (TN BPR # 010046)
MCNALLY LAW
40 Burton Hills Boulevard, Suite 200
Nashville, Tennessee 37215
Telephone 615-480-8921
attorney@patrickmcnallylegal.com

/s/ W. Justin Adams
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
Facsimile: 615-238-6301
wjadams@spencerfane.com

Counsel for Michael Harvel

# CERTIFICATE OF SERVICE

I certify that on October 31, 2022, a copy of the foregoing was served via the Court's electronic case filing system to the following:

Brooke Schiferle, Esq.
Assistant U.S. Attorney
110 8th Avenue South, Suite A-961
Nashville, Tennessee 37203
Brooke.Schiferle@usdoj.gov

Michael J. Songer, Esq.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Michael.Songer@usdoj.gov

/s/ W. Justin Adams