IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE,
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*vs.*<br><br>MICHAEL HARVEL | Case No. 2:21-cr-00005<br><br>Judge Campbell |

**DEFENDANT'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM**

Defendant Michael Harvel moves the Court pursuant to Fed. R. Crim. P. 48(b) and/or the Due Process Clause of the Fifth Amendment of the United States Constitution to dismiss the superseding indictment for unnecessary delay in presenting the charges in this case to the grand jury.

## FACTS

Mr. Harvel was the director of the Cumberland County Solid Waste Department. Doc. 46 at ¶ 1. His duties included supervising employees at the county's recycling center, many of whom were female *Id.* at ¶¶ 3–4. The superseding indictment charges Mr. Harvel with assaulting eight female employees in violation of their constitutional right to bodily integrity in violation of 18 U.S.C. § 242. *Id.* at ¶¶ 6–16, 19–28. Mr. Harvel expects the evidence at trial to show the following facts relevant to this motion:

*Loss of surveillance video and testimony of Det. Jason Wilson*

The Crossville Police Department ("CPD") began investigating sexual misconduct allegations against Mr. Harvel in March 2017. On February 15, 2018, CPD Detective Sergeant Jason Wilson interviewed Mr. Harvel. Mr. Harvel informed Det. Wilson that the recycling center had an outdoor video surveillance system. Det. Wilson took custody of the surveillance video for February 8, 2018; he did not take custody of other footage. The government has produced the February 8, 2018 video footage in discovery but has not produced any other footage.

Counts 7 through 10 allege assaults occurred against line workers at the recycling center. Doc. 46 at ¶¶ 19-26; Doc. 70 at 6–7Mr. Harvel also expects the government to offer testimony that he committed sexual misconduct not described in the indictment against the alleged victims named in the indictment, witnesses identified in the government's Rule 404(b)/413 notice, and other women while they were working "the line." *See* Doc. 70 at 8–10.

Were Det. Wilson alive, Mr. Harvel would call him to testify, among other things, that the video he reviewed depicted the outdoor areas of the recycling center, including the "line" where "line workers" operated and where Counts 7 through 10 allege assaults occurred; that the video he reviewed was inconsistent with at least one witness's statement; that this witness changed her story after discussing that inconsistency with Det. Wilson; and that he failed to request additional video to review despite this

inconsistency. Had Det. Wilson or the government preserved additional footage, or not delayed indicting this case so that Mr. Harvel could preserve this footage, Mr. Harvel could use that footage to rebut the claims that he regularly engaged in sexual misconduct against female line workers.

*Loss of testimony of Kenneth Dale Houston*

Count 1 of the indictment alleges that Mr. Harvel assaulted Victim 1 at the "Peavine Convenience Center," a satellite location of the recycling center, in the "summer of 2017. Doc. 46 at ¶ 7; Doc. 70 at 5. Kenneth Dale Houston was an employee of the recycling center during that time. Mr. Houston died on May 23, 2019. Were Mr. Houston alive, Mr. Harvel would call him to testify that Mr. Houston was working at Peavine on the date of the alleged assault of Victim 1, that Mr. Harvel drove Victim 1 to the site to relieve Mr. Houston so that he could go to a doctor's appointment, and that Mr. Harvel did not stay but left after dropping off Victim 1. Further, if the government offers testimony from another employee, Dale Floyd, that Mr. Harvel stayed at the site, Mr. Harvel could call Mr. Houston to rebut that testimony.

*Delay in indictment*

A state grand jury indicted Mr. Harvel on February 26, 2018. As stated above, Mr. Houston died on May 23, 2019, and Det. Wilson died on December 1, 2020. The federal grand jury did not indict Mr. Harvel in this case until July 12, 2021.

**ARGUMENT**

Fed. R. Crim. P. 48(b) provides that the "court may dismiss an indictment…if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." *See United States v. Rogers*, 118 F.3d 466, 474 (6th Cir. 1997) ("Federal Rule of Criminal Procedure 48(b) provides that "[i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, … the court may dismiss the indictment….""). The Supreme Court has held that "the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay…caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain a tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324 (1971); *Rogers*, 118 F.3d at 474–75.

**I.      The government's preindictment delay has substantially prejudiced Mr. Harvel.**

Regarding prejudice, the "death of a potential witness during the pre-indictment period may demonstrate the requisite prejudice if the defendant can demonstrate that exculpatory evidence was lost and could not be obtained through other means." *Rogers*, 118 F.3d at 475. Here, Mr. Harvel expects the evidence at trial to establish the loss of the following exculpatory evidence:

1. With Det. Wilson's death, Mr. Harvel has lost the ability to elicit his testimony that the surveillance video he reviewed was inconsistent with at least one witness's statement, that this witness changed her story after discussing that inconsistency with him, and that he failed to request additional video to review despite this inconsistency. This testimony would have tended to exculpate Mr. Harvel by establishing the probative value of the missing surveillance video (discussed further below). Evidence that Det. Wilson knowingly failed to secure exculpatory evidence and used that evidence to coach at least one witness would also be exculpatory, in that it casts doubt on the integrity of the government's investigation.

2. Mr. Harvel has lost the ability to produce additional surveillance videos depicting the "line" at the recycling center. This video would have rebutted claims that Mr. Harvel regularly engaged in sexual misconduct against female line workers working on "the line" and/or against the alleged victims identified in the indictment or the government's 404(b)/414 notice. This evidence would directly rebut the charges in Counts 7–10 involving alleged misconduct against workers on the "line." Further, to the extent the government claims that evidence of sexual misconduct outside "on the line" tends to prove Mr. Harvel committed misconduct behind closed doors as alleged in Counts 1–5 and 11, the rebuttal that evidence will likewise rebut that inference.

3. Mr. Harvel has lost Mr. Houston's testimony that Mr. Harvel drove Victim 1 to the site not for improper purposes but to relieve Mr. Houston so that he could go to a doctor's appointment, and that Mr. Harvel did not stay but left after dropping off Victim 1. Mr. Houston's testimony would directly rebut the allegations in Count 1 of the indictment.

Mr. Harvel has no way to obtain this evidence from other sources. These men died, and the other video footage apparently disappeared, well before the government belatedly indicted him.

## II. The government's preindictment delay justifies the inference that the government engaged in deliberate delay.

The state indicted Mr. Harvel on February 26, 2018, yet the federal government did not seek Mr. Harvel's federal indictment until more than three years later, on July 12, 2021. By the time the government indicted Mr. Harvel, two of the charges were almost seven years old (Counts 2 and 3); two were almost six years old (Counts 4–5); and the remainder were four years old (Counts 7–11). *See* Doc. 46 at ¶¶ 9, 12, 14, 16, 20, 22, 24, 26, and 28.

While a "delay resulting from investigative efforts is not sufficient for a court to find a defendant has been deprived of due process," *Rogers*, 118 F.3d at 476, the government's delay in this case cannot plausibly be explained on that basis. This is not a complex case involving multiple defendants or a long-running complicated criminal scheme. This is a single-defendant case in which the government alleges Mr. Harvel

committed assaults against eight women on eleven occasions. It is not plausible that the federal government required three years to interview eight alleged victims and bring these charges.

Further, the delay in this case gives the government massive advantages. The government has not disclosed in discovery any neutral third-party witnesses to any of these crimes. Thus, the only direct evidence will be the alleged victim's testimony. Mr. Harvel can, in theory, rebut that testimony by testifying on his own behalf. Yet given the passage of time, Mr. Harvel's memory of details that corroborate his testimony or contradict the alleged victim's testimony—*e.g.,* where he was, where the alleged victim was, appointments he had that day, meetings with other people he had that day—has faded. That would be bad enough were this a simple "he-said, she-said" case, but it is not. The government will present testimony from **eight** alleged victims and intends to offer evidence from **four more** alleged victims under Rules 413 and 404(b). By waiting so long to charge Mr. Harvel, the government has crippled his ability to defend himself.

The absence of a plausible, innocent explanation for the government's delay and the obvious tactical benefits that delay gives the government the conclusion that the government's delay was deliberate.

## CONCLUSION

The government's deliberate delay has substantially prejudiced Mr. Harvel. Mr. Harvel therefore requests the Court to grant the relief described above, or, alternatively,

grant him leave to renew this motion at the close of proof, and for any other necessary or proper relief.

Respectfully submitted:

/s/ Patrick McNally
Patrick T. McNally (TN BPR # 010046)
MCNALLY LAW
40 Burton Hills Boulevard, Suite 200
Nashville, Tennessee 37215
Telephone 615-480-8921
attorney@patrickmcnallylegal.com

/s/ W. Justin Adams
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
Facsimile: 615-238-6301
wjadams@spencerfane.com

Counsel for Michael Harvel

# CERTIFICATE OF SERVICE

I certify that on October 31, 2022, a copy of the foregoing was served via the Court's electronic case filing system to the following:

Brooke Schiferle, Esq.
Assistant U.S. Attorney
110 8th Avenue South, Suite A-961
Nashville, Tennessee 37203
Brooke.Schiferle@usdoj.gov

Michael J. Songer, Esq.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Michael.Songer@usdoj.gov

/s/ W. Justin Adams