IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 2:21-cr-00005 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| MICHAEL HARVEL | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Michael Harvel's motion for severance (Doc. No. 90), brought under Federal Rule of Criminal Procedure 14(a).[1] The Government filed a response in opposition. (Doc. No. 98). For the reasons stated below, the Motion is **DENIED**.

Mr. Harvel is charged with ten counts of willfully violating his victims' Due Process rights to bodily integrity while acting under color of law, in violation of 18 U.S.C. § 242. (Doc. No. 46). Rule 14(a) permits a district court to grant severance if "the joinder of offenses…in an indictment… appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "To prevail on a request for severance the defendant must show compelling, specific, and actual prejudice." *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017). The resolution of a Rule 14 motion is left to the sound discretion of the trial court. *See Zafiro v. United States*, 506 U.S. 534, 541 (1993). Through the pending motion, Mr. Harvel seeks separate trials for each victim (*i.e.*, eight separate trials), arguing there is a risk jurors will not be able to keep evidence of each offense separate, resulting in prejudice from evidentiary spillover. He also argues severance is warranted because he might want to testify on fewer than all of the charges.

As to Mr. Harvel's first argument, "[a] spillover of evidence between counts does not require severance unless there is substantial, undue, or compelling prejudice." *Thomas*, 849 F.3d

---

[1] Mr. Harvel does not argue misjoinder under Rule 8(b).

at 676 (internal quotations omitted). Thus, Mr. Harvel does not have the right to separate trials based on individual victims "simply because he asserts that each will 'prejudice' the jury's consideration of the other; rather, [he] must show 'substantial prejudice.'" *United States v. Serrano-Ramirez*, 319 F. Supp. 3d 918, 926 (M.D. Tenn. 2018). It is well established in the Sixth Circuit that a jury is presumed capable of sorting out evidence and considering each count separately. *See United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987). Further, Mr. Harvel has not demonstrated compelling or substantial prejudice will result from a single trial that cannot be cured with appropriate limiting instructions. *See United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) ("Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'") (quoting *Zafiro*, 506 U.S. at 539).

As to his second argument, the Sixth Circuit has found that, in order to sever offenses because he may wish to testify at trial as to some counts and not others, a defendant must first make a "convincing showing" that he has important testimony to give on certain counts, as well as a "strong need" to refrain from testifying on the remaining counts. *See United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004), cert. granted, *judgment vacated on other grounds*, 543 U.S. 1182 (2005). Here, Mr. Harvel's motion provides no indication that he absolutely wishes to testify, which counts he would testify to, what his testimony would be on specific counts, or why he has a "strong need" to refrain from testifying on any counts. Non-specific assertions are insufficient to warrant severance under Rule 14. *See id*.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE