**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORHTEASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-CR-00005** |
| | ) | **Judge Campbell** |
| **MICHAEL HARVEL** | ) | |
| | ) | |

## PROPOSED JURY INSTRUCTIONS

The United States of America respectfully requests that the Court give the following instructions to the jury in this case. After conferring, counsel for the Government and for defendant Harvel have agreed on Instructions 1-11, 21, and 23-30 that are indicated as Joint Proposed Instructions below. The parties do not agree on Instruction 22 and are still conferring about Instructions 12-20. Accordingly, the Government has included its Proposed Instructions 12-20 and 22.

Respectfully Submitted,

MARK H. WILDASIN
UNITED STATES ATTORNEY

*s/ Brooke Schiferle*
BROOKE SCHIFERLE
Assistant United States Attorney
110 9th Avenue South
Nashville, TN 37203
615-736-5151 phone
Brooke.Schiferle@usdoj.gov

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

*s/ Michael J. Songer*
MICHAEL J. SONGER

1

LAURA-KATE BERNSTEIN
Attorneys
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-305-3204 phone
202-514-6588 fax
Michael.Songer@usdoj.gov
Laura-Kate.Bernstein2@usdoj.gov

## JOINT REQUESTED JURY INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.01 (2022).

3

## JOINT REQUESTED JURY INSTRUCTION NO. 2

### Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

[If given after closing argument] The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.


## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.02 (2022).

4

## JOINT REQUESTED JURY INSTRUCTION NO. 3

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of each crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable

5

doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 1.03 (2022) (modified to make plural).

*United States v. Hynes*, 467 F.3d 951, 957 (6th Cir. 2006) (approving instruction 1.03 as correct).

Case 2:21-cr-00005   Document 108   Filed 11/22/22   Page 6 of 53 PageID #: 686

## JOINT REQUESTED JURY INSTRUCTION NO. 4

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and [the stipulations that the lawyers agreed to].

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.04 (2022) and 7.21 (stipulations).

*United States v. Ross*, 703 F.3d 856, 879 (6th Cir. 2012) ("The court properly instructed the jury that the closing arguments are not evidence.").

*United States v. Wilson*, 168 F.3d 916, 924 n.6 (6th Cir. 1999) (questions, objections, and argument are not evidence).

## JOINT REQUESTED JURY INSTRUCTION NO. 5

### Consideration of Evidence

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.05 (2022).

*Turner v. United States*, 396 U.S. 398, 406-07 (1970) (the jury may consider its own store of knowledge, must assess for itself the probative force and the weight, if any, to be accorded the evidence, and is the sole judge of the facts and the inferences to be drawn therefrom).

*Holland v. United States*, 348 U.S. 121, 140 (1954) (the jury must use its experience with people and events in weighing the probabilities).

9

## JOINT REQUESTED JURY INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.


## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.06 (2022).

*United States v. Mack*, 808 F.3d 1074, 1080 (6th Cir. 2015) ("Circumstantial evidence is entitled to the same weight as direct evidence and circumstantial evidence alone is sufficient to sustain a conviction.") (internal quotations, citations, and alterations omitted).

*United States v. Blackwell*, 459 F.3d 739, 765–66 (6th Cir. 2006) (rejecting proffered instruction because "the proposed instruction's undue focus on circumstantial evidence improperly implies that the circumstantial evidence is weaker than direct evidence").

10

*United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000) ("Circumstantial and direct evidence are afforded the same weight").

## JOINT REQUESTED JURY INSTRUCTION NO. 7

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if

12

the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 1.07 (2022).

## JOINT REQUESTED JURY INSTRUCTION NO. 8

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.08 (2022).

## JOINT REQUESTED JURY INSTRUCTION NO. 9

### Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 1.09 (2022).

15

## JOINT REQUESTED JURY INSTRUCTION NO. 10

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of each crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 2.01 (2022) (modified to make plural).

16

## JOINT REQUESTED JURY INSTRUCTION NO. 11

### Number of Crimes

The defendant has been charged with several crimes. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 2.01A (2022).

<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12**</u>

**The Nature of the Offense Charged**
**Deprivation of Rights Under Color of Law – 18 U.S.C. § 242**

Each Count of the Indictment accuses the defendant, Michael Harvel, of deprivation of rights under color of law, in violation of federal law. The Indictment reads as follows:

COUNT ONE

In or around July 2017, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Jessica Sanders of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel confined Jessica Sanders in a locked room at a county facility, and, against her will, physically pushed her onto a table, fondled her breasts, and forced her to touch his genitals. The offense resulted in bodily injury to Jessica Sanders and included kidnapping.

All in violation of Title 18, United States Code, Section 242.

COUNT TWO

In or around September 2014, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Joanne Caruthers of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel confined Joanne Caruthers in a locked room at the Recycling Center, and, against her will, fondled her breasts, grabbed her head, and forced his penis into her mouth. The offense resulted in bodily injury to Joanne Caruthers and included kidnapping and aggravated sexual abuse.

18

All in violation of Title 18, United States Code, Section 242.

COUNT THREE

In or around September 2014, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Joanne Caruthers of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel confined Joanne Caruthers in a locked room at the Recycling Center, and, against her will, fondled her breasts, grabbed her head, and forced his penis into her mouth. The offense resulted in bodily injury to Joanne Caruthers and included kidnapping and aggravated sexual abuse.

All in violation of Title 18, United States Code, Section 242.

COUNT FOUR

In or around November 2015, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Erica Dishman of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel approached Erica Dishman in a dark office and, against her will, physically pushed her onto a desk and penetrated her vagina with his penis. The offense included aggravated sexual abuse.

All in violation of Title 18, United States Code, Section 242.

COUNT FIVE

In or around December 2015, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Erica Dishman of the right, secured and protected

19

by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel picked up Erica Dishman in his truck under the false pretense that he needed help with an official county work project, drove her to an isolated landfill, and, against her will, penetrated her vagina with his penis. The offense included kidnapping.

All in violation of Title 18, United States Code, Section 242.

## COUNT SEVEN

In or around July 2017, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Misty Matthews of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel approached Misty Matthews at the Recycling Center and, against her will, forced his hands under her clothing and fondled her breasts and put his hands down her pants.

All in violation of Title 18, United States Code, Section 242.

## COUNT EIGHT

In or around December 2017, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Kelly Jordan of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel approached Kelly Jordan at the Recycling Center and, against her will, fondled her breasts under her clothing, forced his hands down her pants, and fondled her buttocks and the outside of her vagina.

All in violation of Title 18, United States Code, Section 242.

20

## COUNT NINE

In or around March 2017, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Alicia Olmstead of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel approached Alicia Olmstead at the Recycling Center and, against her will, fondled her breasts over her clothing and pulled down her pants, exposing her naked buttocks and vagina.

All in violation of Title 18, United States Code, Section 242.

## COUNT TEN

In or around December 2017, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Christie Steele of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel approached Christie Steele at the Recycling Center and, against her will, forced his hands between her legs and rubbed her vagina over her clothes.

All in violation of Title 18, United States Code, Section 242.

## COUNT ELEVEN

In or around December 2017, in the Middle District of Tennessee, Michael Harvel, while acting under color of law, willfully deprived Jennifer Tuttle of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity. Specifically, Michael Harvel called Jennifer Tuttle to his office at the Recycling Center and, against her will, forced his hands down her pants and groped her buttocks.

21

All in violation of Title 18, United States Code, Section 242.

## **ANNOTATIONS AND COMMENTS**

Superseding Indictment, ECF No. 46.

<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13**</u>

**Counts One – Eleven: Elements of 18 U.S.C. § 242**
**Deprivation of Rights Under Color of Law**

Each count of the Indictment accuses the defendant, Michael Harvel, of deprivation of rights under color of law, in violation of federal law. For you to find the defendant guilty of each count of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

<u>First</u>: That the defendant acted under color of law;

<u>Second</u>: That the defendant deprived each victim of a right, which is secured by the Constitution or laws of the United States; here, the right at issue in each count is the victim's right to be free from the deprivation of liberty without due process of law, which includes the right to bodily integrity, a term which I will soon describe to you; and

<u>Third</u>: That the defendant acted willfully.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge.

<u>**ANNOTATIONS AND COMMENTS**</u>

Sixth Circuit Pattern Jury Instructions - Instruction 2.02 (2022) (modified to make plural).

2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, *Federal Jury Practice and Instructions,* § 29.03 (The essential elements of the offense charged) (6th ed. 2008 and 2018 updates).

18 U.S.C. § 242.

*United States v. Lanier*, 520 U.S. 259, 264 (1997) (outlining elements of 18 U.S.C. § 242).

*United States v. Price*, 383 U.S. 787, 793 (1966) (elements of 18 U.S.C. § 242 offense).

23

*United States v. Morris*, 494 F. App'x 574, 580 (6th Cir. 2012) ("[Section 242] itself provides that whoever, under color of law, willfully deprives any person of a right protected by the Constitution or laws of the United States, is guilty of an offense[,]" and "there [is] a well-established liberty interest in bodily integrity") (internal quotations, citations, and alterations omitted).

*United States. v. Lanham*, 617 F.3d 873, 885 (6th Cir. 2010) ("Under 18 U.S.C. § 242, whoever, under color of any law willfully subjects any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or law of the United States has committed a federal crime.") (internal quotations, citations, and alterations omitted).

*United States v. Dukes*, 779 F. App'x 332, 334 (6th Cir. 2019) (unpublished) (stating that elements of false arrest § 242 crime are that the defendant (1) acted willfully, (2) acted under color of law, and (3) deprived [the victim]of his constitutional right to be free from unreasonable seizures by arresting him without probable cause.).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14

### Counts One – Eleven: Deprivation of Rights Under Color of Law
### First Element – Under Color of Law

The first element that the Government must prove for each count of the Indictment is that the defendant acted under color of law.

A person acts "under color of law" if he is an official or employee of a government entity and he uses or abuses power he possesses because of his official position. A government official acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids. That is, a person acts under color of law if his conduct occurs in the course of performing an actual or apparent duty of his office, or if he could not have behaved as he did without the authority of his office.

If you find that the defendant acted as a county official or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority, then you may find that he acted under color of law and that the first element of each of these charges is satisfied.

## ANNOTATIONS AND COMMENTS

Pattern Criminal Jury Instructions, Fifth Circuit, § 2.12 (Deprivation of Civil Rights) (2015) ("Acting 'under color of law' means acts done under any state law, county or city ordinance, or other governmental regulation, and acts done according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.").

Federal Criminal Jury Instructions, Seventh Circuit, 18 U.S.C. § 242 (Definition of Color of Law) (2012, rev'd 2013) ("A person acts under 'color of law' when he acts in his official capacity or purports or claims to act in his official capacity. Action under color of law includes the abuse or misuse of the power possessed by the defendant by virtue of his [office; official position].").

*West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. Thus, generally, a

public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (citation omitted).

*Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity or that the particular action which he took was not authorized by state law.").

*Monroe v. Pape*, 365 U.S. 167, 183-187 (1961) ("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law") (overruled on other grounds).

*Screws v. United States*, 325 U.S. 91, 110 (1948) ("It is clear that under 'color' of law means under 'pretense' of law. . . . Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.").

*United States v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.")

*Meadows v. Enyeart*, 627 F. App'x 496, 500 (6th Cir. 2015), *cert. denied,* 137 S. Ct. 104, 196 L. Ed. 2d 40 (2016) ("Acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotations, citation, and alterations omitted).

*Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001) (A government employee acts under color of law if "[his] conduct [either] occurs in the course of performing an actual or apparent duty of his office, or . . . [his] conduct is such that the actor could not have behaved as he did without the authority of his office.").

*Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir. 1991) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State.") (quoting *West v. Atkins*, 487 U.S. 42, 49-50 (1998)).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15

**Counts One - Eleven: Deprivation of Rights Under Color of Law**
**Second Element – Deprivation of a Federal Right**

The second element that the Government must prove with respect to each count of the Indictment is that the defendant deprived the individual named in that count of her right not to be deprived of liberty without due process of law, which encompasses the right to bodily integrity. I instruct you that this right is one that is secured and protected by the Constitution and laws of the United States. It prohibits non-consensual, forcible intrusions on a person's body, absent a compelling state interest. Sexual assault and other forms of sexual abuse by a state actor violate this right. Under our Constitution, no state actor may coerce, threaten, force, intimidate, or otherwise cause another individual to submit, against her will, to sexual acts or sexual contact.

To determine if the defendant deprived any individual of her right to bodily integrity, you must consider, with respect to each count, whether the defendant engaged in conduct serious enough to intrude on the right to bodily integrity and, if so, you must consider whether the individual named in that count consented to the conduct described in the Indictment.

In determining whether the defendant engaged in conduct serious enough to implicate the right to bodily integrity, I caution you that the constitutional right to bodily integrity is not implicated merely by sexually harassing speech, the casual touching of a non-private area of the body like the arm, or by the brief incidental touching, even of a private area of the body, for example during an accidental bumping. To rise to the level of a constitutional violation, the conduct must be egregious enough to shock the conscience. The kinds of sexual conduct alleged in the indictment is the kind of conduct that, if done without consent, is significant enough to intrude on the constitutional right to bodily integrity.

27

If you find that the defendant engaged in sexual conduct that implicates the right to bodily integrity, you must determine, with respect to each count, whether the alleged victim consented to the conduct. An individual's right to bodily integrity is not violated by sexual conduct that is welcome or is done freely and voluntarily, with the person's consent. In considering whether any alleged victim consented, remember that consent that is the product of official intimidation or harassment is not consent at all. For you to find that an alleged victim did not consent, it is not necessary to find that the defendant used physical force against her. Instead, you should consider the totality of the circumstances, including the context in which the alleged incident occurred, the relationship between the parties, the relative positions of power and authority between the parties, the disparity in size between the parties, and the use of mental coercion. An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.

If, after considering these factors, you find that the defendant deprived the alleged victim of her right to bodily integrity, you may find this element satisfied, with respect to that count.

## ANNOTATIONS AND COMMENTS

*Guertin v. State*, 912 F.3d 907, 919 (6th Cir. 2019) ([T]he central tenet of the Supreme Court's vast bodily integrity jurisprudence is balancing an individual's common law right to informed consent with tenable state interests, regardless of the manner in which the government intrudes upon an individual's body. Thus, to show that the government has violated one's right to bodily integrity, a plaintiff need not "establish any constitutional significance to the means by which the harm occurs[.] That is because individuals possess a constitutional right to be free from forcible intrusions on their bodies against their will, absent a compelling state interest." (internal quotations and citations omitted)

*Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) ("The right to personal security and to bodily integrity bears an impressive constitutional pedigree." (compiling cases). . . ."If the 'right to bodily integrity' means anything, it certainly encompasses the right not to be sexually assaulted under color of law. This conduct is so contrary to fundamental notions of liberty and so lacking of any redeeming social value, that no rational individual could believe that sexual abuse by a state actor is constitutionally permissible under the Due Process Clause.").

*Soper ex rel. Soper v. Hoben*, 195 F.3d 845, 852 (6th Cir.1999) (finding due process right to bodily integrity).

<u>Shocks the Conscience</u>

*County of Sacramento v. Lewis*, 523 U.S. 833, 846, 848 (1998) (holding that proof of a Fourteenth Amendment violation requires that the subject's conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience"; "Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience- shocking level.")

*United States v. Lanier*, 520 U.S. 259, 262 (1997) (quoting trial judge's jury instruction – "Included in the liberty protected by the [Due Process Clause of the] Fourteenth Amendment is the concept of personal bodily integrity and the right to be free of unauthorized and unlawful physical abuse by state intrusion. Thus, this protected right of liberty provides that no person shall be subject to physical or bodily abuse without lawful justification by a state official acting or claiming to act under the color of the laws of any state of the United States when that official's conduct is so demeaning and harmful under all the circumstances as to shock one's consci[ence]. Freedom from such physical abuse includes the right to be free from certain sexually motivated physical assaults and coerced sexual battery. It is not, however, every unjustified touching or grabbing by a state official that constitutes a violation of a person's constitutional rights. The physical abuse must be of a serious substantial nature that involves physical force, mental coercion, bodily injury or emotional damage which is shocking to one's consci[ence].")

*Guertin v. State*, 912 F.3d 907, 922 (6th Cir. 2019) ("We use the 'shocks the conscience' rubric to evaluate intrusions into a person's right to bodily integrity.")

*Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 725 (6th Cir. 1996) ([W]e have no doubt that the 'shocks the conscience' standard is applicable" to bodily integrity violations).

*United States v. Morris*, 494 F. App'x 574, 581 (6th Cir. 2012) ("[I]t is more than obvious that the right to not be raped by a law enforcement officer lies at the core of the rights protected by the Due Process Clause, so that its unlawfulness should have been readily apparent to the officer, notwithstanding the lack of fact-specific case law. Indeed, as Justice Murphy put it in a closely analogous context, '[k]nowledge of a comprehensive law library is unnecessary for officers of the law to know that the right to murder individuals in the course of their duties is unrecognized

29

in this nation.' *Screws v. United States*, 325 U.S. 91, 136–37 (1945) (Murphy, J., dissenting). The same is true of rape.") (internal citation omitted).

Coercion

*Florida v. Bostick*, 501 U.S. 429, 438 (1991) ("Consent that is the product of official intimidation or harassment is not consent at all. Citizens do not forfeit their constitutional rights when they are coerced to comply with a request that they would prefer to refuse.")

*United States v. Morris*, 494 F. App'x 574, 585–86 (6th Cir. 2012) (use of official position to cause victims to engage in sexual conduct to which they otherwise would not have consented undermines defense theory that sex acts were consensual).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16

**Counts One – Eleven: Deprivation of Rights Under Color of Law**
**Third Element – Willfulness**

The third element the government must prove for each count of the Indictment is that the defendant acted willfully. An act is done willfully if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids, that is, with a bad purpose to disobey or disregard the law.

I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

It is not necessary for the government to prove that the defendant was thinking in legalistic terms at the time of the incident, or that he had an appreciation that his conduct was prohibited by a particular provision of the criminal code or by the Constitution. You may find that the defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular Constitutional right involved. You may

31

find that the defendant acted with the required specific intent of you find that he willfully and consciously did something prohibited by the Constitution.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 2.05 (2022) (Willfulness - "No General Instruction Recommended")

Sixth Circuit Pattern Jury Instructions - Instruction 2.08 (2022) (Inferring Required Mental State)

*Screws v. United States*, 325 U.S. 91, 101, 105-06 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution. When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees.") (holding that a defendant acts "willfully" when he "act[s] in open defiance or in reckless disregard of a constitutional requirement").

*Williams v. United States*, 341 U.S. 97, 102 & n.1 (1951) (reciting, with approval, trial court's instructions that in determining willfulness the jury was "entitled to consider all the attendant circumstances: the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights . . . .").

*United States v. Reichert*, 747 F.3d 445, 451-52 (6th Cir. 2014) ("Generally in criminal cases, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." The court also approved of the instruction that "for a defendant's conduct to be willful, he 'need not be aware of the specific law or the rule his conduct is violating'").

*United States v. Couch*, No. 94-3292, 1995 WL 369318, at *4 (6th Cir. Jun. 20, 1995) (upholding similar instruction and stating "the charge as given adequately conveyed that requirement. As long as the accused specifically intends to use more force than is reasonable under the circumstances, he acts willfully and thus runs afoul of § 242. Furthermore, *Screws* recognizes that a defendant need not necessarily be 'thinking in constitutional terms' if his aim was to deprive an individual of a constitutionally protected right.") (internal citation omitted).

*United States v. O'Dell*, 462 F.2d 224, 232 n.10 (6th Cir. 1972) (the defendants need not have known specifically that they were violating constitutional rights).

32

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17

**Counts One, Two, Three, Four and Five: Deprivation of Rights Under Color of Law
Aggravating Factors: Bodily Injury, Kidnapping, or Aggravated Sexual Abuse**

If you find the defendant guilty of Counts One, Two, Three, Four, or Five, you must then determine whether the defendant's conduct for that Count included the factor or factors listed on the verdict form. Specifically, for Count One, you will see on the verdict form a question concerning bodily injury and a question concerning kidnapping; for Count Two, you will see questions concerning bodily injury, kidnapping, and aggravated sexual abuse; for Count Three, questions concerning bodily injury, kidnapping, and aggravated sexual abuse; for Count Four, a question concerning aggravated sexual abuse; and for Count Five, a question concerning kidnapping. You should consider these questions only if you have found that the United States has proven the defendant guilty as charged in Counts One, Two, Three, Four, or Five of the Indictment, based on the three elements I explained to you previously.

For each of Counts One, Two, Three, Four, and Five, if you find that the United States has proven beyond a reasonable doubt that the defendant's conduct included a factor listed on the verdict form, then you should answer the corresponding question "Yes." If you find that the United States has not proven beyond a reasonable doubt that the defendant's conduct included an additional factor, then you should answer the corresponding question "No."

Counts One, Two, and Three each include questions about multiple factors. You should consider each of these factors separately and, for each factor, indicate on the verdict form whether or not you find that the government has proven that factor beyond a reasonable doubt.

As with the elements I described earlier, you must be unanimous in your decision on each factor and your determinations must be beyond a reasonable doubt.

33

## ANNOTATIONS AND COMMENTS

*See* Sixth Circuit Pattern Jury Instructions - Instruction 14.07A (2022) (Modified to explain the requirements of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013) as they pertain to § 242 instead of § 841)

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 18**

**Counts One, Two, and Three: Deprivation of Rights Under Color of Law
Aggravating Factor – Bodily Injury**

For Counts One, Two, and Three, you must decide for each offense whether the Government has proven beyond a reasonable doubt that the offense resulted in bodily injury to the victim listed in the Indictment.

"Bodily injury" means any injury to the body, no matter how minor or temporary, and it includes any cut, abrasion, bruise, burn, disfigurement, illness, physical pain, or impairment of a bodily member or mental faculty.

The Government need not prove that the defendant intended to cause bodily injury. The Government also need not prove that a defendant's acts were the sole cause of bodily injury. The Government must simply prove for each offense that the offense resulted in bodily injury to the victim named in Count One, Two, and Three.

**ANNOTATIONS AND COMMENTS**

18 U.S.C. § 242.

Bodily Injury- General Definition

18 U.S.C. §§ 831(f)(5); 1365(h)(4), 1515(a)(5), 1864(d)(2) (bodily injury defined for purposes of other federal statutes).

*United States v. Perry*, 401 F. App'x 56, 65 (6th Cir. 2010) (holding that in the context of 18 U.S.C. § 111 "[t]he term bodily injury means: 1) a cut, abrasion, bruise, burn, or disfigurement; 2) physical pain; 3) illness; 4) the impairment of the function of a bodily member, organ, or mental faculty; or 5) any other injury to the body, no matter how temporary.").

*United States v. Wilson*, 344 F. App'x 134, 144 (6th Cir. 2009) (evidence that victim suffered "physical pain" sufficient to satisfy § 242's "bodily injury" requirement).

35

Bodily Injury – Injury Need Not Be Intended

*United States v. Marler*, 756 F.2d 206, 215-16 (1st Cir. 1985) (holding in applying "death resulting" enhancement in § 242 that the "district court was correct in charging that Marler could be convicted under section 242 if Brown's death was a proximate result of Marler's conduct "in the sense of being a natural and foreseeable result of that conduct. . . . [A] defendant must be proved to have willfully subjected the victim to a deprivation of civil rights. But if so, and death results—whether or not it was intended—the higher penalty applies provided death was a natural and foreseeable result of the improper conduct.").

*United States v. Woodlee*, 136 F.3d 1399, 1405-06 (10th Cir. 1998) (holding § 245's bodily injury element is a standard of causation, not intent, that is satisfied if the injury was a foreseeable result of the defendant's conduct).

*United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("When the Congress provided that any deprivation of defined rights under color of law resulting in death may be punished by life imprisonment, we must consider it to have been fully cognizant of the principles of legal causation. . . . No matter how you slice it, 'if death results' does not mean 'if death was intended.' To hold otherwise would make a mockery of the statute.").

36

<u>**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 19**</u>

**Counts One, Two, Three, and Five: Deprivation of Rights Under Color of Law**
**Aggravating Factor – Kidnapping**

For Counts One, Two, Three, and Five, you must decide for each offense whether the Government has proven beyond a reasonable doubt that the offense included kidnapping.

A person is "kidnapped" when she is seized, confined, inveigled, decoyed, abducted, or carried away for some purpose of benefit to the perpetrator, for example, for the purpose of sexual gratification. "Kidnapping" for these purposes does not require that the defendant unlawfully transported a victim to a different location. Rather, a person has been kidnapped if she is "confined" against her will for the purpose of sexual gratification. It also does not matter if a victim initially agreed to be in a place, nor does she need not be physically abducted or taken by force to satisfy this element. Rather, even if a victim voluntarily accompanied the defendant and only later was confined by him for the purpose of sexual gratification, you may find that the kidnapping element has been proven. Similarly, if a victim was lured, tricked, or dishonestly persuaded to a location by the defendant, and was later confined for the purpose of sexual gratification, you may find that the kidnapping element has been proven.

<u>**ANNOTATIONS AND COMMENTS**</u>

*See* 18 U.S.C. § 1201(a)(1) (A person commits kidnapping if he "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person.")

*Gooch v. United States*, 297 U.S. 124, 127-28 (1936) (holding that, by adding the phrase "or otherwise" to the federal kidnapping statute Congress intended to extend the jurisdiction of the statute to "persons who [had] been kidnaped and held, not only for reward, but for any other reason.")

37

*United States v. Small*, 988 F.3d 241, 248, 250 (6th Cir. 2021) (The "or otherwise" language of the federal kidnapping statute applies where "the defendant acted for any reason which would in any way be of benefit," such as facilitating a sexual assault. In *Small*, the Sixth Circuit found that confining a woman in her own home to allow the defendants to steal her possessions constituted kidnapping.)

BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "inveigled" as "to persuade dishonestly.")

*United States v. Ingram*, 846 F.App'x 374, 382 (6th Cir. 2021) ("holding the victim for the purpose of forcing her to have sex satisfies [the 'or otherwise'] element" of the kidnapping statute; also affirming kidnapping conviction where the defendant lured the victim into his car by falsely promising to give her a ride to her vehicle.)

*United States v. Denny-Shaffer*, 2 F.3d 999, 1018-19 (10th Cir. 1993) (Where a victim voluntarily accompanies her perpetrator but is later confined by him, the perpetrator is guilty of kidnapping);

*United States v. Redmond*, 803 F.2d 438, 439 (9th Cir. 1986) ("[M]erely confining a victim, after she willingly began to journey with the defendant, sufficed to serve as a violation of the statute even though the victim was not physically abducted or initially taken by force.").

38

**Counts Two, Three, and Four: Deprivation of Rights Under Color of Law
Aggravating Factor – Aggravated Sexual Abuse**

For Counts Two, Three, and Four, you must decide for each offense whether the Government has proven beyond a reasonable doubt that the offense included aggravated sexual abuse.

The term "aggravated sexual abuse" is defined as knowingly causing another person to engage in a sexual act: (1) by using physical force against that other person; or (2) by placing that other person in fear that she will be subjected to death, serious bodily injury, or kidnapping. A sexual act includes any contact between the defendant's penis and a victim's mouth or any penetration, however slight, of a victim's vagina by the defendant's penis.

You may find that the defendant's conduct involved aggravated sexual abuse if you find that the defendant used physical force during the alleged sexual acts sufficient to overcome the victim's will to resist, or used a threat of harm sufficient to coerce or compel submission by the victim. Actual violence is not required. Instead, a defendant uses force within the meaning of "aggravated sexual abuse" when he employs restraint sufficient to prevent the victim from escaping sexual conduct. Force can be implied by, for example, a disparity in size or coercive power between the defendant and his victim.

**ANNOTATIONS AND COMMENTS**

18 U.S.C. § 2241 (defining aggravated sexual abuse)

18 U.S.C. § 2246 (defining sexual act)

*United States v. Weekley*, 130 F.3d 747, 754 (6th Cir. 1997) (the force requirement includes "'the use of such physical force as is sufficient to overcome, restrain or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.'" (*quoting United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir.1990))

*United States v. Johnson*, 492 F.3d 254, 258 (4th Cir. 2007) (force element may be satisfied by inference when the offender has disproportionately greater strength than, or coercive power over, the victim.)

*United States v. Willie*, 253 F.3d 1215, 1220 (10th Cir. 2001) (considering "disparity of coercive power and disparity in physical size" in finding force element satisfied.)

*United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir.1998) ("force can be implied from a disparity in size and coercive power between the defendant and his victim.")

**JOINT REQUESTED JURY INSTRUCTION NO. 21**

**In or Around**

Next, I want to say a word about the dates mentioned in the Superseding Indictment.

The Superseding Indictment charges that the crimes happened "in or around" certain months. The government does not have to prove that the crime happened on an exact date. But, the government must prove that the crime happened reasonably close to those dates.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 2.04 (2022) (modified from "on or about" to "in or around").

*United States v. Manning*, 142 F.3d 336, 338-39 (6th Cir. 1998).

*United States v. Dennard*, 1993 WL 35172, 1993 U.S. App. LEXIS 23798 (6th Cir. 1993).

41

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 22

### Other Sexual Assaults by Defendant

You have heard testimony that the defendant may have committed sexual assaults other than the ones charged in the Superseding Indictment, specifically, that the defendant may have sexually assaulted Jessica Whittenburg, Amber Hubbard, Keri Miller, Tiffany Sparkman, Julie Henry, and Theresa Manning. If you find the defendant committed any of those sexual assaults, you can consider the evidence of the other sexual assaults on any matter to which the assaults are relevant, including as evidence of the defendant's propensity, if any, to commit the acts charged in the Superseding Indictment. You may also consider the evidence of other sexual assaults to determine the defendant's intent, motive, plan, or design, or opportunity to commit the acts charged in the Superseding Indictment. You may also consider the evidence to determine the defendant's knowledge or to rebut the contention of the defendant that the victims fabricated that the defendant engaged in nonconsensual sexual activity with them.

Remember that the defendant is on trial here only for the crimes alleged in the Superseding Indictment, not for the other acts. Do not return a guilty verdict unless the government proved the crimes charged in the Superseding Indictment beyond a reasonable doubt.

## ANNOTATIONS AND COMMENTS

Fed. R. Evid. 413

Fed. R. Evid. 404(b)

42

Eighth Cir. Jury Instr. (Crim.) 2.08A

Ninth Cir. Model Crim. Jury Inst. 2.11

*United States v. Mandoka*, 869 F. 3d 448, 453 (6th Cir. 2017) ("Rule 413(a) permits the government to admit evidence of a defendant's prior sexual assaults as propensity evidence 'on any matter to which [the assaults are] relevant.'" (quoting Fed. R. Evid. 413(a))

*United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007) ("[Rule 413] created an exception to the general restriction of Rule 404(b), permitting the admission of similar prior bad act evidence in sexual assault and child molestation cases to show the propensity of the defendant to commit the crime charged.")

## JOINT REQUESTED JURY INSTRUCTION NO. 23

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.01 (2022).

44

## JOINT REQUESTED JURY INSTRUCTION NO. 24

### Experiments, Research, Investigation and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow

jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**ANNOTATIONS AND COMMENTS**

Sixth Circuit Pattern Jury Instructions - Instruction 8.02 (2022).

## JOINT REQUESTED JURY INSTRUCTION NO. 25

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.03 (2022).

Fed. R. Crim. P. 31(a) (mandating unanimous jury verdicts in federal trials).

47

## JOINT REQUESTED JURY INSTRUCTION NO. 26

### Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.04 (2022).

## JOINT REQUESTED JURY INSTRUCTION NO. 27

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.05 (2022).

## JOINT REQUESTED JURY INSTRUCTION NO. 28

### Verdict Limited to Charges Against This Defendant

Remember that the defendant is only on trial for the particular crimes charged in the Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

### ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.08 (2022) (modified to make plural).

## JOINT REQUESTED JURY INSTRUCTION NO. 29

### Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.09 (2022).

51

## JOINT REQUESTED JURY INSTRUCTION NO. 30

### Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.


## ANNOTATIONS AND COMMENTS

Sixth Circuit Pattern Jury Instructions - Instruction 8.10 (2022).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-CR-00005** |
| | ) | **Judge Campbell** |
| **MICHAEL HARVEL** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

Respectfully submitted,


*s/ Michael J. Songer*
MICHAEL J. SONGER
Attorney
U.S. Department of Justice

53