# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *vs.* **MICHAEL HARVEL** | **Case No. 2:21-cr-00005** **Judge Campbell** |

## DEFENDANT'S SECOND MOTION IN LIMINE

Defendant Michael Harvel moves the Court to exclude the following:

**1. Testimony about sexual assaults or abuse by third parties.**

Some of the witnesses the government intends to call, including without limitation the witness identified in the indictment as Victim 1, have made statements that they had suffered sexual assaults or abuse in the past from third parties. This information is irrelevant to any issue in the case, which is about Mr. Harvel's alleged actions. It is also inflammatory, likely to engender improper sympathy with the witness, and likely to confuse the jury.

This information should be excluded as irrelevant under Fed. R. Evid. 402. To the extent this information has any probative value, it should be excluded under Fed. R. Evid. 403 because that probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence. *See United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir. 2017) (affirming district court's broad discretion under Fed. R. Evid. 403).

**2.     Testimony that Mr. Harvel possessed a firearm and handgun permit.**

Some of the witnesses the government intends to call, including without limitation the witness identified as Victim 3, and Erik Dishman, have made statements that they saw Mr. Harvel in possession of a firearm and discussed Mr. Harvel had a concealed carry permit. The government has not alleged that Mr. Harvel used a firearm to commit any crime. This information should be excluded as irrelevant under Fed. R. Evid. 402. To the extent this information has any probative value, it should be excluded under Fed. R. Evid. 403 because that probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See LaVictor*, 848 F.3d at 444.

**3.     Testimony about sexual assaults not included in the government's Rule 413/404(b) notice.**

Some of the witnesses the government intends to call, including without limitation S.N.B. and T.H., have claimed that Mr. Harvel committed sexual assaults against them. This information should be excluded because the government did not timely disclose it pursuant to Fed. R. Evid. 413 and 404(b). *See* Government's Amended 413/404(b) Notice, Doc. 70. Rule 413 requires notice at least fifteen days before trial. Fed. R. Evid. 413(b). Rule 404(b) requires reasonable written notice before trial. Fed. R. Evid. 404(b)(3).

This information should also be excluded under Fed. R. Evid. 403 because any probative value it has is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See LaVictor*, 848 F.3d at 444. The government already plans to call the eight alleged victims identified in the indictment and six more alleged victims identified in its 413/404(b) notice. As Mr. Harvel has previously argued, the propensity evidence the government has already disclosed will unduly prejudice Mr. Harvel, thus any additional propensity evidence will only make matters worse. Finally, to the extent this information is admissible under Fed. R. Evid. 413, Rule 413 is unconstitutional for the reasons stated in Mr. Harvel's previous motion in limine. *See* Doc. 101 at 1-7.[1]

**CONCLUSION**

Mr. Harvel therefore requests the Court to grant the relief described above and any other necessary or proper relief.

Respectfully submitted:

/s/ Patrick McNally
Patrick T. McNally (TN BPR # 010046)
MCNALLY LAW
40 Burton Hills Boulevard, Suite 200
Nashville, Tennessee 37215
Telephone 615-480-8921

---

[1] Mr. Harvel acknowledges the Court's prior ruling that Rule 413 is constitutional but renews this argument to avoid any claim of waiver.

attorney@patrickmcnallylegal.com

<u>/s/ W. Justin Adams</u>
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
Facsimile: 615-238-6301
wjadams@spencerfane.com

Counsel for Michael Harvel

# CERTIFICATE OF SERVICE

I certify that on December 5, 2022, a copy of the foregoing was served via the Court's electronic case filing system to the following:

Brooke Schiferle, Esq.
Assistant U.S. Attorney
110 8th Avenue South, Suite A-961
Nashville, Tennessee 37203
Brooke.Schiferle@usdoj.gov

Michael J. Songer, Esq.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Michael.Songer@usdoj.gov

/s/ W. Justin Adams